UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JEREMY PINSON,                )
                              )
        Plaintiff             )
                              )
    vs.                       )     Case No. 1:10-cv-01832-RBP-HGD
                              )
R. ST. JOHN, et al.,          )
                              )
        Defendants            )

# MEMORANDUM OF OPINION

This is an action by a federal prisoner alleging that certain legal mail addressed to him at FCI Talladega was opened outside his presence in violation of the proper "legal mail process." The plaintiff seeks nominal damages, as well as declaratory and injunctive relief, pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388.[1] After the defendants submitted a special report in which they demonstrated that the plaintiff had failed to exhaust all available administrative remedies with respect to the claims in the complaint, the magistrate judge filed a report on January 23, 2013, recommending that the defendants' motion

---

[1] The plaintiff's declaratory and injunctive relief claims have become moot in light of his transfer from FCI Talladega. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

for summary judgment be granted and this action be dismissed with prejudice, pursuant to 42 U.S.C. § 1997e(a). In their special report, the defendants had submitted Bureau of Prisons records showing that although the plaintiff had submitted numerous formal complaints under the BOP grievance process during the relevant time period, "none of the complaints involve the issue in question in this case."[2] (Doc. 42-1, p. 3. ¶ 10). The magistrate judge therefore found that "[t]here is no indication . . . the plaintiff pursued a formal administrative remedy with respect to the allegations alleged in the complaint here." (Doc. 44, p. 9).

The plaintiff filed objections to the report and recommendation on February 4, 2013 (Doc. 45), along with a Motion for Supplemental Special Report and a supporting affidavit. (Doc. 46). He alleges that he submitted a request for administrative remedy on November 12, 2008, "challenging the BOP policy of opening legal mail that was not marked with specific words *Special Mail Open Only in the Presence of the Inmate.*" *Id*. at 3. He states that the complaint was assigned Remedy ID #515839 and was appealed through all stages of the BOP grievance process, culminating in a denial of the appeal by the Central Office on April 15, 2009.

---

[2] The defendants submitted records of all grievances filed by the plaintiff during the period from September 22, 2009, the date of the earliest letter alleged to have been opened outside the plaintiff's presence, to July 9, 2010, the filing date of the complaint herein.

*Id*. at 3.[3]  Based upon these allegations, the plaintiff now contends that he is not required to "re-exhaust" his administrative remedies "each time a violation occurs pursuant to the same policy or practice."  (Doc. 45, p. 2).  In support of this contention, the plaintiff cites decisions from other Circuits which have held that, under certain limited circumstances, a prisoner does not have to resubmit grievances for *ongoing* issues within the same prison where the prison staff has been made aware of and given the opportunity to resolve the issues through previously submitted grievance forms.  *Id*. at 2.[4]

The plaintiff's argument is unpersuasive.  Unlike the scenarios in the cases he cites in his objections, this is an action based solely on certain specific events which allegedly occurred at FCI Talladega during the finite time period from September 2009 to April 2010.  These events are alleged to have occurred nearly ten months *after* the initiation of the grievance, Remedy ID #515839, and approximately five

---

[3]  The plaintiff alleges that his copies of the administrative remedies were destroyed in a fire on November 7, 2009.  This allegation forms the basis of his motion for supplemental special report seeking copies of the records from the defendants.

[4]  It is clear that the cases cited by the plaintiff were decided under the particular circumstances presented there and do not stand for a blanket policy of allowing previously submitted grievances to exhaust remedies for all similar and subsequent events.  In one such case, *Johnson v. Johnson,* the court plainly states:  "We pause to observe that we do not here hold that a grievance filed in response to one particular incident automatically exhausts claims that arise from future incidents of the same general type.  Thus, an inmate who claims to have been beaten by guards (or, for that matter, not protected by guards) once one month and again the next month can rightfully be expected to grieve both incidents." 385 F.3d 503, 521 n. 13 (5th Cir. 2004).

months after that grievance process was completed. More importantly, it is clear that the plaintiff's previous grievance was initiated and concluded at another prison *other than FCI Talladega*, and therefore could not have involved (or put on notice) the same defendants named in this action.[5] Since one of the purposes of the grievance process is to place the prison administration on notice of the problem and to give the administration the opportunity to resolve the issue without the need for litigation, it is axiomatic that the plaintiff cannot now claim exhaustion by referring to a grievance process that occurred at a wholly different location and involved individuals other than those named as defendants in the complaint herein.[6] *See Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007) ("the exhaustion requirement in the PLRA seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case") (internal quotations omitted), *quoting Woodford v. Ngo*, 548 U.S. 81 (2006).

---

[5] In the complaint, the plaintiff states that he had been at FCI Talladega since August 2009. He also alleges that the grievance #515839 was initiated in November of 2008 and was concluded in April of 2009. Therefore, that grievance could not have been filed at FCI Talladega and could not have been directed at the specific events made the basis of the claims in this action.

[6] In fact, one of the cases cited by the plaintiff in his objections addresses this very issue. In *Howard v. Waide*, the plaintiff there had suffered assault and intimidation in two separate sections of the same prison. However, the court found that the plaintiff's earlier grievances regarding risks to his safety in one section of the prison were not sufficient to "put prison officials on notice" of intimidation that occurred in another part of the prison some months later. 534 F.3d 1227, 1245 (10th Cir. 2008).

Based upon the foregoing, and having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact with respect to the exhaustion defense and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**, pursuant to 42 U.S.C. § 1997e(a). Accordingly, the plaintiff's Motion for Supplemental Special Report (Doc. 46) is **DENIED** as moot. A Final Judgment will be entered contemporaneously herewith.

DONE this 25th day of February, 2013.

**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**